UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.: 2:23-cv-10368-AB-JPR | Date: January 30, 2024 |

Title: *Bert Barrera v. Spirit Airlines Inc. et al*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER (1) DENYING MOTION FOR REMAND and (2) ORDERING DEFENDANT TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED FOR FAILING TO ESTABLISH COMPLETE DIVERSITY OF CITIZENSHIP

Before the Court is Plaintiff Bert Barerra's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 15). Defendant Spirit Airlines, Inc. ("Defendant") filed an opposition. Plaintiff did not file a reply. The Court will resolve the Motion without oral argument and therefore **VACATES** the February 2, 2024, hearing. *See* Fed. R. Civ. P. 78, C.D. Cal. L.R. 7-15. The Motion for Remand is **DENIED**.

**A. Plaintiff's Motion for Remand is Denied.**

Plaintiff's Complaint asserts claims for negligence arising out of a personal injury he suffered aboard one of Defendant's airplanes. Defendant removed the action from state court based on diversity jurisdiction.

Plaintiff's Motion argues that the case should be remanded because (1) the Court has personal jurisdiction over Defendant, (2) the alleged tort was committed in California, (3) there is no federal question so state law applies, and (4) the removal was untimely.

Grounds 1-3 are simply irrelevant, because the only grounds for remanding an action are for lack of subject matter jurisdiction and for procedural defects in the removal.

Plaintiff's fourth ground—that the removal was untimely—asserts a procedural defect that is a recognized ground for remand, but here, Defendant timely removed the action: removability was not evident from the face of the Complaint, and Defendant removed within 30 days of receiving Plaintiff's statement of damages, which is the "other paper from which it [was] first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

For the foregoing reasons, Plaintiff's Motion for Remand is **<u>DENIED</u>**.

The Court also admonishes Plaintiff's counsel for failing to comply with Local Rule 7-3. This rule is mandatory, not optional. Furthermore, a good faith meet and confer would have likely avoided this Motion altogether, since the grounds are without any merit whatsoever. Certainly, Plaintiff should have withdrawn the Motion once they conferred with defense counsel after they filed the Motion and before Defendant filed an opposition. Going forward, other such violations may result in sanctions.

### B. Order to Defendant to Show Cause Why This Action Should Not Be Remanded

Upon comparing Defendant's Notice of Removal with the Complaint, the Court observes that Defendant has not properly alleged complete diversity of citizenship.

To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). "The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir.

2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* A removing defendant's "failure to specify [a plaintiff's] state citizenship [is] fatal to [defendant's] assertion of diversity jurisdiction." *Id.* at 858.

Here, Defendant's Notice of Removal represents that "Plaintiff alleges that he is a resident and citizen of the State of California." NOR ¶ 11 (citing Compl. ¶ 2). This is inaccurate: Plaintiff's Complaint ¶ 2 alleges only that he is a *resident* of the State of California. Plaintiff says nothing about his citizenship. Defendant has therefore failed to allege Plaintiff's citizenship, and thus has failed to establish complete diversity of citizenship, so Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

A district court may grant leave to amend when it appears that subject matter jurisdiction may exist even though the pleading inadequately alleges jurisdiction. *See* 28 U.S.C. § 1653; *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1555 (9th Cir. 1987). The Court therefore **ORDERS** Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. Defendant's response should be an Amended Notice of Removal, and it must be filed **by February 8, 2024**. If Defendant does not timely file an Amended Notice of Removal or if it does not adequately allege the Court's jurisdiction, the Court will remand this action.

**IT IS SO ORDERED**.